UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERRI NIMMO, *individually and as pending Administrator for the* ESTATE OF JADE SMITH, RICHARD NIMMO,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, JESS DANNHAUSER, TAIESHA COLEMAN, AJA PANIAGUA, NADIA MCLEOD, and STACEY MELHADO,<br><br>Defendants. | **ANSWER**<br><br>26-cv-00190-NRM-TAM |

Defendants City of New York, Jess Dannhauser, Taiesha Coleman, Aja Paniagua, Nadia McLeod, and Stacey Melhado (collectively, "Defendants"), by their attorney, Steven Banks, Corporation Counsel of the City of New York, as and for their Answer to the Amended Complaint dated January 20, 2026, (ECF No. 20), respectfully state and allege as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint.

2.      Deny the allegations set forth in paragraph "2" of the Complaint.

3.      Deny the allegations set forth in paragraph "3" of the Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Complaint except admit Jade died on or around January 16, 2023.

5.      Deny the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit on or about February 2, 2024 and April 1, 2024, after examination and inquiry into the facts and circumstances of the case, Family Court dismissed the petitions against Terri and Richard

Nimmo, and respectfully refer the Court to the orders and transcript of the proceedings therein for a complete and accurate statement of Family Court's actions.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Plaintiffs invoke the Court's jurisdiction as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Plaintiffs seek to lay venue in this judicial district as stated therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint, except admit Plaintiff Terri Nimmo was Jade's biological mother.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit Plaintiff Richard Nimmo was Daniel and Aria Doe's biological father.

14. Admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

15. Deny the allegations in the second sentence of paragraph "15" of the Amended Complaint, state that the first sentence consists of legal conclusions to which no response is required, and to the extent that a response is deemed to be required, Defendants deny the allegations set forth in the first sentence of paragraph "15" of the First Amended Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

16. Admit the allegations set forth in paragraph "16" of the Amended Complaint.

17. Admit the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that Jess Dannhauser was the Commissioner of the New York City Administration for Children's Services, that he is sued herein solely in his official capacity, that ACS is an agency of the City of New York, and respectfully refer the Court to Chapter 24-B of the New York City Charter for a complete and accurate statement of the powers and duties of ACS and its Commissioner.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that Taiesha Coleman was employed by the City of New York as a Child Protective Specialist for ACS.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except admit that Aja Paniagua was employed during relevant time periods by the City of New York as a Child Protective Specialist Supervisor II for ACS.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that Nadia McLeod was employed during relevant time periods by the City of New York Child Protective Manager for ACS.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that Stacey Melhado was employed during relevant time periods by the City of New York during the alleged timeframe as a Child Protective Manager for ACS.

23. Paragraph "23" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

24. As to the allegations set forth in paragraph "24" of the Amended Complaint, admit that Plaintiffs purport to bring this action against all individually-named defendants in their official capacities and against defendants Coleman, Paniagua, McLeod, and Melhado in their individually capacities as well.

25. Paragraph "25" of the Amended Complaint cites a legal rule to which no response is required, to the extent a response is required, deny the allegations, admit that the legal rule exists, and respectfully refer the Court to the quoted rule for a full and accurate statement of its contents.

26. Paragraph "26" of the Amended Complaint cites a legal rule to which no response is required, to the extent a response is required, deny the allegations, admit that the legal rule exists, and respectfully refer the Court to the quoted statutory rules and regulations for a full and accurate statement of their contents.

27. Deny the allegations contained in paragraph "27" of the Amended Complaint.

28. Paragraph "28" of the Amended Complaint quotes and cites several judicial decisions to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the decisions cited therein for a full and accurate statement of their contents.

29. Paragraph "29" of the Amended Complaint contains no factual allegation and quotes a judicial decision to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the decisions cited therein for a full and accurate statement of its contents.

30. Deny the allegations set forth in paragraph "30 of the Amended Complaint, and respectfully refer the Court to the "AAP Statement Opposing Separation of Children and Parents at the Border" for a full and accurate statement of its contents.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint, and respectfully refer the Court to the law review article cited therein for a full and accurate statement of its contents.

32. Paragraph "32" of the Amended Complaint cites to a statute, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted statute for a full and accurate statement of its contents.

33. Paragraph "33" of the Amended Complaint cites two provisions of a statute, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted statutes for a full and accurate statement of their contents.

34. Paragraph "34" of the Amended Complaint cites to a statute, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted statute for a full and accurate statement of its contents.

35. Paragraph "35" of the Amended Complaint quotes a rule, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted statute for a full and accurate statement of its contents.

36. Paragraph "36" of the Amended Complaint quotes a rule, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted rule for a full and accurate statement of its contents.

37. Paragraph "37" of the Amended Complaint quotes a rule, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted rule for a full and accurate statement of its contents.

38. Paragraph "38" of the Amended Complaint quotes two rules, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted rules for a full and accurate statement of their contents.

39. Paragraph "39" of the Amended Complaint quotes two statutes, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the quoted statutes for a full and accurate statement of its contents.

40. Paragraph "40" of the Amended Complaint cites to a rule, to which no response is required, to the extent a response is required, deny the allegations, and respectfully refer the Court to the cited rule for a full and accurate statement of its contents.

41. Deny knowledge or information sufficient to form a belief as to the truth of the first sentence set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations contained in paragraph "42" of the Amended Complaint, and respectfully refer the Court to the quoted web page for a full and accurate statement of its contents.

43. Deny the allegations contained in paragraph "43" of the Amended Complaint.

44. Deny the allegations contained in paragraph "44" of the Amended Complaint.

45. Deny the allegations contained in paragraph "45" of the Amended Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the source of the allegations cited in paragraph "46" of the Amended Complaint, and respectfully refer the Court to the cited article for a full and accurate statement of its contents.

47. Deny knowledge or information sufficient to form a belief as to the truth of the source of the allegations cited in paragraph "47" of the Amended Complaint, and respectfully refer the Court to the cited non-party testimony for a full and accurate statement of its contents.

48. Deny the allegations contained in paragraph "48" of the Amended Complaint.

49. Deny the allegations contained in paragraph "49" of the Amended Complaint, and respectfully refer the Court to the court proceedings therein for a full and accurate statement of their contents.

50. Deny the allegations contained in paragraph "50" of the Amended Complaint, and respectfully refer the Court to the court proceedings therein for a full and accurate statement of their contents.

51. Deny the allegations contained in paragraph "51" of the Amended Complaint, and respectfully refer the Court to the court proceedings therein for a full and accurate statement of their contents.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint, except admit that it was reported to ACS during the investigation that Jade been hospitalized before the investigation and during the investigation.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint, except admit that it was reported to ACS that Jade had been hospitalized.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Amended Complaint, except admit that it was reported to ACS that Jade had been hospitalized in 2022 prior to the investigation.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Amended Complaint, and respectfully refer the Court to the quoted medical notes for a full and accurate statement of their contents.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint, except admit that it was reported to ACS that the alleged sexual abuse occurred in the summer of 2022.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint, except admit that it was reported to ACS that the alleged sexual abuse involved touching her breast and buttocks.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint, except admit that Jade consistently reported to mandatory reporters and forensic interview staff that she had been touched by Richard Nimmo.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations involving conversations between Jade and her mother.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Amended Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Amended Complaint, except admit that two reports were made of alleged sexual abuse to the New York State Central Register of Child Abuse and Maltreatment (SCR), which were communicated to ACS.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint, except admit ACS ECS staff visited the case address on or about August 27, 2022 and spoke to Terri and Richard Nimmo among others.

74. Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint, except admit that ACS ECS staff spoke with Jade on or about August 27, 2022 and her interview was consistent with the reports received by ACS.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint, except admit that ACS ECS staff spoke with Darian Doe on or about August 27, 2022 and observed Aria Doe, and assessed all children for physical injuries and outcomes.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint, except admit that the parents voluntarily consented to an emergency safety plan for the children.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint, except admit that Jade was subsequently directly placed with her paternal grandparents.

80.     Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint, and respectfully refer the Court to the quoted case notes for a full and accurate statement of their contents.

82.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Amended Complaint, except admit that ACS filed three petitions in Kings County Family Court (bearing index numbers NA-16906-22, NA-16907-22, and NA-16908-22), and respectfully refer the Court to the petitions for a full and accurate statement of their contents.

84.     Deny the allegations set forth in paragraph "84" of the Amended Complaint, except admit that ACS filed three petitions in Kings County Family Court (bearing index numbers NA-16906-22, NA-16907-22, and NA-16908-22), and respectfully refer the Court to the petitions for a full and accurate statement of their contents.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint, except admit that ACS filed three petitions in Kings County Family Court (bearing index numbers NA-16906-22, NA-16907-22, and NA-16908-22), and respectfully refer the Court to the petitions for a full and accurate statement of their contents.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint, except admit that ACS filed three petitions in Kings County Family Court (bearing index numbers NA-16906-22, NA-16907-22, and NA-16908-22), and respectfully refer the Court to the petitions for a full and accurate statement of their contents.

87.     Deny the allegations set forth in paragraph "87" of the Amended Complaint, except admit that ACS filed three petitions in Kings County Family Court (bearing index numbers

11

NA-16906-22, NA-16907-22, and NA-16908-22), and respectfully refer the Court to the petitions for a full and accurate statement of their contents.

88. Deny the allegations set forth in paragraph "88" of the Amended Complaint, except admit that ACS filed three petitions in Kings County Family Court (bearing index numbers NA-16906-22, NA-16907-22, and NA-16908-22), and respectfully refer the Court to the petitions for a full and accurate statement of their contents.

89. Deny the allegations set forth in paragraph "89" of the Amended Complaint, except admit that Family Court issued orders of protection in connection with the three children, and respectfully refer the Court to the orders for a full and accurate statement of their contents.

90. Deny the allegations set forth in paragraph "90" of the Amended Complaint.

91. Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92. Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93. Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94. Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95. Deny the allegations set forth in paragraph "95" of the Amended Complaint, and respectfully refer the Court to the referenced notes for a full and accurate statements of their contents.

96. Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98. Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99. Deny the allegations set forth in paragraph "99" of the Amended Complaint.

100. Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101. Deny the allegations set forth in paragraph "101" of the Amended Complaint,

102. Deny the allegations set forth in paragraph "102" of the Amended Complaint.

103. Deny the allegations set forth in paragraph "103" of the Amended Complaint.

104. Deny the allegations set forth in paragraph "104" of the Amended Complaint, except admit a court report dated October 11, 2022 was made, and respectfully refer the Court to the report for a full and accurate statement of its contents.

105. Deny the allegations set forth in paragraph "105" of the Amended Complaint, except admit a court report dated October 11, 2022 was made, and respectfully refer the Court to the report for a full and accurate statement of its contents.

106. Deny the allegations set forth in paragraph "106" of the Amended Complaint.

107. Deny the allegations set forth in paragraph "107" of the Amended Complaint, except admit it was reported to ACS that Jade was absent for approximately 12 hours and that NYPD was alerted.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" in the Amended Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" in the Amended Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" in the Amended Complaint, except admit it was reported to ACS that Jade was absent for approximately 12 hours and that NYPD was alerted.

111. Deny the allegations set forth in paragraph "111" in the Amended Complaint.

112. Deny the allegations set forth in paragraph "112" of the Amended Complaint.

113. Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114. Deny the allegations set forth in paragraph "114" of the Amended Complaint.

115. Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116. Deny the allegations set forth in paragraph "116" of the Amended Complaint.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" in the Amended Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" in the Amended Complaint, except admit that Jade was directly placed with a kinship family resource, Suyapa Martinez.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" in the Amended Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" in the Amended Complaint.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" in the Amended Complaint, except admit that it was reported to ACS that Jade had been located by the NYPD and was subsequently hospitalized.

122. Admit that Jade was hospitalized at Maimonides for approximately two weeks.

123. Deny the allegations set forth in paragraph "123" of the Amended Complaint.

124. Deny the allegations set forth in paragraph "124" of the Amended Complaint, except admit Coleman submitted a court report, and respectfully refer the Court to the report for a full and accurate statement of its contents.

125. Deny the allegations set forth in paragraph "125" of the Amended Complaint, except admit Coleman submitted a court report, and respectfully refer the Court to the report for a full and accurate statement of its contents.

126. Admit the Family Court issued an order on December 9, 2022, and respectfully refer the Court to the order for a full and accurate statement of its contents.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" in the Amended Complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" in the Amended Complaint.

129. Deny the allegations set forth in paragraph "129" of the Amended Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" in the Amended Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" in the Amended Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" in the Amended Complaint, except admit that ACS was informed Jade's body was found near the East River.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" in the Amended Complaint.

134. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" in the Amended Complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" in the Amended Complaint.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" in the Amended Complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" in the Amended Complaint.

138. Deny the allegations set forth in paragraph "138" of the Amended Complaint.

139. Deny the allegations set forth in paragraph "139" of the Amended Complaint.

140. Deny the allegations set forth in paragraph "140" of the Amended Complaint.

141. Deny the allegations set forth in paragraph "141" of the Amended Complaint, except admit that ACS caseworker Shutel Paquiyauri-Gon conducted a home visit at the case address, and respectfully refer the Court to the case note for a full and accurate summary of its contents.

142. Deny the allegations set forth in paragraph "142" of the Amended Complaint.

143. Deny the allegations set forth in paragraph "143" of the Amended Complaint, except admit that ACS caseworker assessed the children, and respectfully refer the Court to the case note for a full and accurate summary of its contents.

144. Deny the allegations set forth in paragraph "144" of the Amended Complaint, except admit that Family Court issued an order on January 23, 2023, and respectfully refer the Court to the order for a full and accurate summary of its contents.

145. Deny the allegations set forth in paragraph "145" of the Amended Complaint, except admit that Family Court issued an order on January 23, 2023, and respectfully refer the Court to the order for a full and accurate summary of its contents.

146. Deny the allegations set forth in paragraph "146" of the Amended Complaint.

147. Deny the allegations set forth in paragraph "147" of the Amended Complaint, except admit that ACS caseworker Coleman contacted school staff, and respectfully refer the Court to the quoted case notes quoted for a full and accurate statement of their contents.

148. Deny the allegations set forth in paragraph "148" of the Amended Complaint.

149. Deny the allegations set forth in paragraph "149" of the Amended Complaint, except admit Paniagua contacted Jade's therapist, and respectfully refer the Court to the quoted case notes for a full and accurate statement of their contents.

150. Deny the allegations set forth in paragraph "150" of the Amended Complaint, except admit Paniagua emailed health care providers at Maimonides, and respectfully refer the Court to the quoted email for a full and accurate statement of its contents.

151. Deny the allegations set forth in paragraph "151" of the Amended Complaint.

152. Deny the allegations set forth in paragraph "152" of the Amended Complaint.

153. Deny the allegations set forth in paragraph "153" of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the family's state of mind.

154. Deny the allegations set forth in paragraph "154" of the Amended Complaint, except admit ACS staff made visits to the case address on or about January 27 and January 28, 2023.

155. Deny the allegations set forth in paragraph "155" of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Nimmo's or the family's state of mind, and respectfully refer the Court to the quoted notes for a full and accurate statement of their contents.

156. Deny the allegations set forth in paragraph "156" of the Amended Complaint.

157. Deny the allegations set forth in paragraph "157" of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' state of mind.

158. Deny the allegations set forth in paragraph "158" of the Amended Complaint, except admit that the Family Court scheduled and held fact finding hearings in or around 2024.

159. Deny the allegations set forth in paragraph "159" of the Amended Complaint, except admit that Family Court issued an order dated February 2, 2024 dismissing the petitions against Terri Nimmo.

160. Admit the Family Court dismissed the petitions against Richard Nimmo with prejudice on or about April 1, 2024, and respectfully refer the Court to the Family Court's order for a full and accurate summary of its contents.

161. Deny the allegations set forth in paragraph "161" of the Amended Complaint, and respectfully refer the Court to the Family Court's order for a full and accurate summary of its contents.

162. Deny the allegations set forth in paragraph "162" of the Amended Complaint, except admit that a home visit was conducted on or about May 2024.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" in the Amended Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" in the Amended Complaint.

165. Repeat and restate each and every of the responses in paragraphs "1" through "164" above as if more fully set forth herein.

166. Paragraph "166" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

167. Paragraph "167" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

168. Paragraph "168" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

169. Paragraph "169" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

170. Paragraph "170" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

171. Paragraph "171" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

172. Paragraph "172" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

173. Paragraph "173" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

174. Paragraph "174" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

175. Paragraph "175" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

176. Paragraph "176" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

177. Paragraph "177" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

178. Repeat and restate each and every of the responses in paragraphs "1" through "177" above as if more fully set forth herein.

179. Paragraph "179" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

180. Paragraph "180" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

181. Paragraph "181" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

182. Paragraph "182" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

183. Paragraph "183" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

184. Paragraph "184" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

185. Paragraph "185" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

186. Paragraph "186" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

187. Paragraph "187" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, admit the Family Court petitions were dismissed in Terri and Richard Nimmo's favor.

188. Paragraph "188" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

189. Paragraph "189" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

190. Paragraph "190" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

191. Paragraph "191" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

192. Paragraph "192" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

193. Repeat and restate each and every of the responses in paragraphs "1" through "192" above as if more fully set forth herein.

194. Paragraph "194" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

195. Paragraph "195" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

196. Paragraph "196" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

197. Paragraph "197" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

198. Paragraph "198" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

199. Paragraph "199" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

200. Paragraph "200" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

201. Paragraph "201" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

202. Paragraph "202" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

203. Paragraph "203" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

204. Paragraph "204" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

205. Repeat and restate each and every of the responses in paragraphs "1" through "204" above as if more fully set forth herein.

206. Paragraph "206" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

207. Paragraph "207" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

208. Paragraph "208" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

209. Paragraph "209" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

210. Paragraph "210" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

211. Paragraph "211" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

212. Paragraph "212" of the Amended Complaint is a legal conclusion to which no response is required, to the extent a response is required, deny the allegations.

## AS AND FOR A FIRST DEFENSE:

213. The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

214. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or of the State of New York, or of any political subdivision thereof.

## AS AND FOR A THIRD DEFENSE:

215. The defendants named in their individual capacity have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FOURTH DEFENSE:

216. At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably in the proper and lawful exercise of its/their discretion.

## AS AND FOR A FIFTH DEFENSE:

217. Any injuries alleged in the Amended Complaint were caused in whole or in part by Plaintiffs' culpable or negligent conduct and were not the proximate result of any act of the Defendants.

<strong>AS AND FOR A SIXTH DEFENSE:</strong>

218. Some or all of Plaintiff's claims are barred in whole or in part by reason of Plaintiff's failure to comply with the requirements of General Municipal Law §§ 50-e and -i.

<strong>AS AND FOR A SEVENTH DEFENSE:</strong>

219. Plaintiffs' claims, in whole or in part, are barred by Plaintiffs' failure to mitigate damages.

<strong>AS AND FOR AN EIGHTH DEFENSE:</strong>

220. Any and all statements made by the Defendants were made in good faith with belief in the truth of the statements and are thus protected by qualified privilege.

<strong>AS AND FOR A NINTH DEFENSE:</strong>

221. Defendants acted in good faith and are immune under the doctrine of qualified immunity, statutory immunity under N.Y. Social Services Law § 419, and/or judicial immunity.

<strong>AS AND FOR A TENTH DEFENSE:</strong>

222. Any amounts recoverable by Plaintiffs are subject to limitation pursuant to N.Y. C.P.L.R. § 1601 by reason of the culpable conduct of other persons who are, or with reasonable diligence could have been made, defendants to this action; or pursuant to N.Y. General Obligations Law § 15-108, by reason of a prior settlement between Plaintiffs and said persons; or pursuant to N.Y. C.P.L.R. § 4545 are subject to reduction by collateral sources received by Plaintiffs.

<strong>AS AND FOR AN ELEVENTH DEFENSE:</strong>

223. Punitive damages are not recoverable against the City of New York.

**AS AND FOR A TWELFTH DEFENSE:**

224. The actions of Defendant the City of New York, by its employees, involved the governmental exercise of judgment and discretion, and the City of New York is immune from suit.

**AS AND FOR A THIRTEENTH DEFENSE:**

225. Probable cause and/or a sufficient lawful basis existed for the placement of Jade in the custody of the City of New York.

**AS AND FOR A FOURTEENTH DEFENSE:**

226. No custom, practice, policy, statement, ordinance, or regulation of Defendants City of New York or the New York City Administration for Children's Services caused or effected a deprivation of Plaintiffs' constitutional rights.

**FOR A FIFTEENTH DEFENSE:**

227. At all times relevant to the allegations, Defendants acted reasonably, lawfully, properly, without malice, and in good faith.

**FOR A SIXTEENTH DEFENSE:**

228. The hours, billing rates, and expenses billed by Plaintiffs' counsel are not reasonable.

**FOR A SEVENTEENTH DEFENSE:**

229. Plaintiffs and/or Plaintiffs' counsel are not entitled to recoup interest from the Defendants.

**FOR AN EIGHTEENTH DEFENSE:**

230. Defendants did not act with malice, intentional animus, or deliberate indifference.

**WHEREFORE**, Defendants the City of New York, Jess Dannhauser, Taiesha Coleman, Aja Paniagua, Nadia McLeod, and Stacey Melhado request judgment in their favor, together with the costs and disbursements of this action, the dismissal of the action in its entirety, the denial of any relief sought therein, and that the Court grant Defendants such other and further relief as the Court may deem just and proper.

Dated:        May 4, 2026
           New York, New York

**STEVEN BANKS**
Corporation Counsel
   of the City of New York
*Attorney for the Defendants*
100 Church Street
New York, NY 10007
(212) 356-4362
dstodola@law.nyc.gov

By:    */s Damion K. L. Stodola*
       DAMION K. L. STODOLA
       *Assistant Corporation Counsel*